**FILED**
**U.S. District Court**
**District of Kansas**
06/01/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTONIO ALEXANDER MCGEE,

      **Plaintiff,**

      **v.**                    **CASE NO. 26-3158-JWL**

KANSAS DEPARTMENT OF
CORRECTIONS,

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by pro se Plaintiff Antonio Alexander McGee. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff names the Kansas Department of Corrections ("KDOC") as the sole defendant, and claims that he has been denied publications that were censored in violation of policies. (Doc. 1, at 1.) Plaintiff claims the KDOC has violated his right to read and caused an atypical and significant hardship for everybody. *Id.* Plaintiff seeks to have his books returned and $30,500 in compensatory damages. *Id.*

Plaintiff has also filed a "Pro Se Motion" (Doc. 2) that is handwritten and difficult to read. He mentions that he has been incarcerated for eleven years, the KDOC took his Black's Law Dictionary, he received a brand new bed, and he did not have a way to plug in his charger or use the phone when he was in a suicide cell. (Doc. 2, at 1.) Plaintiff claims "hardship for 11 years," and seeks $80,990,000. *Id.* at 2.

Plaintiff has not submitted the filing fee, and the Court finds he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United

States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1]  Accordingly, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'"  *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)).  "Vague and utterly conclusory assertions are insufficient." *Id*.  The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted).  The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted).  "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and Pro Se Motion and finds no showing of imminent danger of serious physical injury.  Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.  Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court.  If he fails to pay the full fee within the prescribed time, the Complaint

---

[1] The qualifying dismissals are: (1) Case No. 20-3131-SAC, *McGee v. Doe* (dismissed for failure to state a claim for relief); (2-3) Case No. 20-3085-SAC, *McGee v. Corizon* (same), *affirmed on appeal* (Case No. 20-3111, 10th Cir. Oct. 14, 2020) (finding the appeal frivolous and noting that Plaintiff now has four strikes).

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 1, 2026,** to submit the $405.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated June 1, 2026, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**