**FILED**
**U.S. District Court**
**District of Kansas**
07/06/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER MCGEE,

      **Plaintiff,**

      **v.**                      **CASE NO. 26-3158-JWL**

KANSAS DEPARTMENT OF
CORRECTIONS,

      **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by pro se Plaintiff Antonio Alexander McGee. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff names the Kansas Department of Corrections ("KDOC") as the sole defendant, and claims that he has been denied publications that were censored in violation of policies. (Doc. 1, at 1.) Plaintiff claims the KDOC has violated his right to read and caused an atypical and significant hardship for everybody. *Id*. Plaintiff seeks to have his books returned and $30,500 in compensatory damages. *Id*.

On June 1, 2026, the Court entered a Memorandum and Order (Doc. 3) finding that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), and granting Plaintiff until July 1, 2026, to submit the $405.00 filing fee. The Court examined the Complaint and Plaintiff's Pro Se Motion (Doc. 2) and found no showing of imminent danger of serious physical injury. Plaintiff filed a "Memorandum and Request" (Doc. 4) that lists case cites and states that he is "requesting interpretation of what the courts deem on the likelihood of the merits." (Doc. 4, at 1.)

1

Plaintiff has failed to pay the filing fee by the Court's deadline.  The Court's Memorandum and Order provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice."  (Doc. 3, at 3.)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'"  *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)).  "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).  "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.  As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

 **IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's Pro Se Motion (Doc. 2) is **denied.**

**IT IS SO ORDERED**.

**Dated July 6, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

2